UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-14069-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RUBIN DEXTER BAXTER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON FINAL HEARING REGARDING SUPERSEDING PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

THIS CAUSE having come before the Court for a final hearing on June 12, 2019 with respect to the Superseding Petition for Warrant for Offender under Supervision (the "Petition") [D.E. 77], and this Court having convened a hearing, recommends to the District Court as follows:

    1.    Defendant appeared before this Court on June 12, 2019 for a final hearing on the Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about February 20, 2019, in Saint Lucie County, Florida, the defendant did commit the offense of battery touch or strike, contrary to Florida Statute 784.03(1A1). |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On October 18, 2018, the defendant was instructed to immediately report any change in his employment status to his probation officer. On or about February 11, 2019, the defendant failed to report a change in his employment status as directed. |

| | |
|---|---|
| **Violation Number 3** | **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report within the first five days of each month. The defendant has failed to submit a written monthly report for the months of February and March 2019. |
| **Violation Number 4** | **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or about February 26, 2019, the defendant moved from his approved residence of 3206 Hibiscus Avenue, Fort Pierce, Florida 34947, and his current whereabouts are unknown. |

2. After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Number 4 as set forth in the Petition. The Government stated on the record that it would dismiss Violation Numbers 1 through 3 after sentencing. The parties further indicated that as part of the plea Defendant agreed to undergo a psychological evaluation paid for by the Office of the Federal Public Defender. The results of the evaluation would be shared with the government and the United States Probation Office and would be used to make recommendations to the District Court regarding an appropriate sentence. The government agreed that it did not intend to seek incarceration, but would request that Defendant be required to participate in mental health treatment as recommended by the psychological evaluation.

3. This Court questioned the Defendant on the record and made certain that he understood his rights in regard to an evidentiary hearing with respect to Violation Number 4. Defendant acknowledged that he understood his rights and further understands that if the undersigned accepts his admission to Violation Number 4, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

4. The Government provided a factual proffer for Defendant's admission to Violation Number 4. From February 26 to April 18, 2019, Defendant's probation officer was unable to make contact with the Defendant. During that time period, the probation officer spoke

with the Defendant's mother, who advised that she had not seen or spoken with the Defendant since February 25, 2019. She advised that he was not residing at her residence, which was the approved residence for him. Defendant did not advise his probation officer that he had moved from his approved residence. Defendant agreed that the Government's proffer was true and correct, and that the Government could prove these facts against him were a hearing to be held in this matter. The Court has considered the Government's proffer and finds that it sets forth a sufficient basis to support Defendant's admission to Violation Number 4.

5. The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties. Defendant acknowledged his understanding that the District Court is not obligated to follow the parties' recommendations and could sentence him up to and including the statutory maximum of five years' imprisonment, to be followed by up to five years supervised release. Defendant further acknowledged his understanding that he would not be allowed to withdraw his admission to Violation Number 4 if he received a sentence that was more severe than he anticipated.

6. Defendant indicated that no one has forced him to plead to guilty, and no promises, assurances or agreements (outside of the agreement put on the record in open court) were made to him to get him to admit to Violation Number 4. Defendant acknowledged his understanding that he has a right to plead not guilty to any violation and to require the government to prove his guilt by a preponderance of the evidence at an evidentiary hearing. He acknowledged his desire to waive his right to an evidentiary hearing and to admit Violation Number 4.

**ACCORDINGLY**, this Court recommends to the District Court that Defendant be found to have violated his supervised release with respect to Violation Number 4, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 12th day of June, 2019.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE